IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICHARD SCHLEMER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 07-cv-265-DRH |
| MICHAEL J. ASTRUE ) | |
| Commissioner of ) | |
| Social Security, ) | |
| ) | **DEFENDANT'S BRIEF** |
| Defendant. ) | |
| ) | |

STATEMENT OF THE CASE

Plaintiff seeks judicial review, pursuant to 42 U.S.C. § 405(g) of the Social Security Administration's (SSA) final decision denying his application for Disability Insurance Benefits (DIB) under Title II of the Social Security Act (Act), 42 U.S.C. § 423(d). After a hearing, an Administrative Law Judge (ALJ) denied Plaintiff's application. Tr. 14-21. Because the Appeals Council then denied Plaintiff's request for review of the ALJ's decision (Tr. 6-8), the ALJ's decision stands as SSA's final decision for purposes of judicial review. 20 C.F.R. § 404.981.

STATEMENT OF THE RELEVANT FACTS

I.   Plaintiff's Testimony and Work History

Plaintiff was 52 years old at the time of the ALJ's decision and had completed high school. Tr. 787. He complained of pain, stiffness, and numbness in his neck, back, hip, and left arm. Tr. 788-89. He asserted that he could walk a couple of blocks and sit for only 15-20 minutes. Tr. 790. Plaintiff also alleged that he was depressed, and had no social life. Tr. 793. Finally, Plaintiff stated that he had chest pain and shortness of breath. Tr. 796-97. Plaintiff alleged that his disability began in December 2003. Tr. 62.

II.   Medical and Other Evidence

-2-

In May 2003, Dr. Rogalsky, a treating physician for Plaintiff's back condition, stated that Plaintiff had a functional capacity evaluation that showed he was capable of lifting up to 40 pounds (20 pounds regularly), but could not return to his past work as a dry waller because it was heavy work. Tr. 180. Dr. Rogalsky added that Plaintiff was a candidate for vocational rehabilitation to allow him to get back to gainful employment. Tr. 180.

In August 2003, a State Agency medical consultant[1] reviewed the evidence of record and found that Plaintiff could perform light work. Tr. 193-200. (Light work involves lifting no more than 20 pounds; or it may involve very little lifting, but require a significant amount of walking or standing; or it may involve some pushing or pulling of arm or leg controls, which requires greater exertion than in sedentary work. 20 C.F.R. § 404.1567(b).)

In December 2003, Plaintiff underwent cardiac catheterization and angioplasty due to complaints of chest pain. Tr. 202-06.

In January 2004, medical progress notes indicated that Plaintiff had no further chest pain. Tr. 307.

In October 2004, Dr. Brenner, a staff neurologist at the VA Hospital examined Plaintiff for complaints of back pain. Tr. 614-16. The neurologist stated that he could not restrict Plaintiff's activity due to the back condition, but that Plaintiff should not lift more than 40 pounds intermittently and 25 pounds regularly. Tr. 616.

In December 2004, Dr. Vincent, a psychologist, performed a consultative examination.

---

[1] "State agency medical and psychological consultants are highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Act." 20 C.F.R. § 404.1527(f)(2)(I). These consultants are members of the teams that "make determinations of disability at the initial and reconsideration levels of the administrative review process." 20 C.F.R. § 404.1527(f)(1).

-3-

Tr. 319-21.[2]  Dr. Vincent diagnosed major depression, pain disorder, and mild cognitive changes. Tr. 321.

Also in December 2004, Dr. Leung, a physician, performed a consultative examination. Tr. 323-25.  Dr. Leung noted that Plaintiff had arthritis in his neck and low back, but reported no adverse clinical findings except some decreased neck range of motion.  Tr. 324.  Dr. Leung also noted a history of a heart attack.  Tr. 324.

In January 2005, a State Agency medical consultant reviewed the evidence of record and found that Plaintiff could perform light work.  Tr. 342-49.  In April 2005, a second State Agency medical consultant considered the evidence, and affirmed the decision of the first consultant.  Tr. 350-51.

In January 2006, after receiving extensive chiropractic care for his back pain, Plaintiff stated that he was 70% improved and felt better than he had in five years.  Tr. 561.  Plaintiff also stated that he was "getting his sense of humor back."

In April 2006, Plaintiff again stated that he was doing well and felt much better since going to the chiropractor.  Tr. 521, 528-29.

III.  ALJ's Decision

The ALJ found that Plaintiff's assertion of complete disability was not credible, and that he could perform light work.  Tr. 20.  Based on this finding, the ALJ found that Plaintiff was not disabled (and thus not entitled to benefits) because he could perform his past work, as well as a

---

[2]"A consultative examination is a physical or mental examination or test purchased at [the Agency's] request and expense from a treating source or another medical source, including a pediatrician when appropriate."  20 C.F.R. § 404.1519.

-4-

significant number of other jobs pursuant to the grid rules in 20 C.F.R., Pt. 404, Subpt. P, App. 2. Tr. 19-20.

## STANDARD FOR DISABILITY

A claimant is considered disabled only if he demonstrates an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). In particular, the claimant must show that his physical or mental impairments "are of such severity that he is not only able to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A). "'[W]ork which exists in the national economy' means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.'" Id..

The Agency applies the foregoing statutory standard by way of a five-step sequential analysis. 20 C.F.R. § 404.1520. In the present case, only Plaintiff's functional capacity, step four and/or step five are at issue. A claimant's functional capacity is used at step four to determine if a claimant is capable of performing his past work, either as he performed it or as it is generally performed in the economy. 20 C.F.R. §§ 404.1520(a)(4)(iv), 1560(b)(2). At step five, a claimant's functional capacity is used to determine whether he can perform a significant number of other jobs. If he is capable of either, he will be found not disabled. 20 C.F.R. § 404.1520(f), (g).

When applicable, the Agency may show that a claimant is capable of performing a significant number of jobs by relying on the Medical-Vocational Guidelines (the grid rules) in 20

-5-

C.F.R. pt. 404, subpt. P, app. 2.  The grid rules satisfy the Agency's burden at step five by setting forth rules that identify whether jobs requiring specific combinations of physical ability, age, education, and work experience exist in significant numbers in the national economy.  Heckler v. Campbell, 461 U.S. 458, 461-62 (1983); 20 C.F.R. pt. 404, subpt. P, app. 2, §200.00(b) ("The existence of jobs in the national economy is reflected in the "Decisions" shown in the rules.").

## STANDARD OF REVIEW

An ALJ's factual findings are conclusive if they are based on substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971).  This standard of review recognizes that it is the Agency's duty to weigh the evidence, resolve material conflicts, make independent findings of fact, and decide questions of credibility.  Id. at 399-400.  The reviewing court must not reevaluate the facts, reweigh the evidence, or substitute its own judgment for that of the Agency.  Griffith v. Callahan, 138 F.3d 1150, 1152 (7th Cir. 1998).

## ARGUMENT

As an initial matter, Plaintiff contends that the ALJ used the wrong legal standard in evaluating the evidence.  Pl's Br. at 13.  The ALJ used a preponderance-of-the-evidence standard, but Plaintiff maintains the ALJ should have used the substantial evidence standard.  Plaintiff's assertion is incorrect.  The substantial evidence standard is used by a reviewing court when considering the ALJ's decision.  The ALJ, however, applies the preponderance-of-the-evidence standard when assessing the facts of record.  Jones ex rel. Jones v. Chater, 101 F.3d 509, 512 (7th Cir. 1996) ("Oddly, we cannot find a case that holds that a preponderance of the

-6-

evidence is [the appropriate standard]; nor does the Social Security Act, or the regulations under it, prescribe a standard of proof, although the Act does make clear that the claimant for benefits bears the burden of persuasion. 42 U.S.C. § 405(g). But we have no doubt that preponderance of the evidence is the proper standard, as it is the default standard in civil and administrative proceedings . . . .") (citations omitted).

In Plaintiff's first substantive contention, he argues that the ALJ's decision regarding his back condition was not supported by substantial evidence. Pl's Br. at 10-11. This contention should be rejected. The ALJ reasonably relied on several persuasive items of evidence to find that Plaintiff's back condition was consistent with light work. For example, the ALJ observed that Dr. Rogalsky, Plaintiff's treating physician for his back condition, opined that, although Plaintiff could not return to his past work as a dry waller, he was capable of gainful employment involving lifting up to 40 pounds and 20 pounds regularly. Tr. 18, 180. The ALJ also observed that a VA doctor (Dr. Brenner, a neurologist) also provided a similar assessment. Tr. 18, 616. And, finally, the ALJ observed that Plaintiff even admitted at recent VA visits with a chiropractor that his back condition had improved significantly. Tr. 18, 521, 528-29, 561. And, although not specifically relied on by the ALJ, the reviewing State Agency doctors also consistently concluded that Plaintiff was capable of light work. Tr. 193-200, 342-51.[3] Thus, contrary to Plaintiff's assertion, the ALJ's finding that Plaintiff's back condition was consistent with light work was well supported by the record.

---

[3]Plaintiff notes that these doctors found that he could had various postural limitations. Pl's Br. at 10. However, light work requires only occasional postural movements, *see* Social Security Ruling 85-15 (available at http://www.ssa.gov/OP_Home/rulings/), and the doctors concluded Plaintiff was capable of this or more. Tr. 344.

-7-

Plaintiff asserts that, in evaluating his back and heart conditions, the ALJ "played doctor" and disregarded medical opinion evidence from Dr. Rogalsky and others. Pl's Br. at 15. But, as detailed above, with respect to Plaintiff's back impairment, the ALJ's decision was consistent with and supported by the medical opinion evidence of record. As to Plaintiff's heart condition, the ALJ reasonably found that the evidence showed that Plaintiff recovered well from his heart attack in 2003, and made no further complaints to his treating sources. Tr. 18. And, indeed, medical progress notes from 2004, shortly after Plaintiff's angioplasty, indicate that Plaintiff had no further chest pain. Tr. 307. Thus, contrary to Plaintiff's assertion, the ALJ did not play doctor here. See Dixon v. Massanari, 270 F.3d 1171, 1177 (7th Cir. 2001) ("The cases in which we have reversed because an ALJ impermissibly 'played doctor' are ones in which the ALJ failed to address relevant evidence.").

Finally, Plaintiff contends that the ALJ did not accommodate alleged limitations from his depression. Pl's Br. at 12. Plaintiff stated that he was unable to take anti-depressant medications because of side effects, but was taking an anti-anxiety medication. 793-96. The ALJ, however, reasonably declined to impose any limitations in this area because he found that Plaintiff had very limited medical care for this condition, suggesting that this condition did not impose any significant limiting symptoms. Tr. 19. See Griffith v. Callahan, 138 F.3d 1150, 1155 (7th Cir. 1998) (claimant's failure to initiate treatment with a mental health specialist indicates mental impairments not disabling).

CONCLUSION

Accordingly, the ALJ reasonably evaluated the evidence of record, found Plaintiff was capable of light work, found Plaintiff could perform his past work and/or a significant number of

-8-

other jobs, and thus appropriately concluded that Plaintiff was not eligible for benefits. Therefore, the Commissioner respectfully requests the Court to enter judgment affirming the ALJ's denial of disability benefits.

          Respectfully submitted,

          RANDY G. MASSEY
          Acting United States Attorney
          Southern District of Illinois

          Donna L. Calvert
          Regional Chief Counsel
          Social Security Administration

          <u>s/Marc G. Mates</u>
          Marc G. Mates
          Special Assistant United States Attorney
          200 W. Adams Street, 30th Floor
          Chicago, Illinois 60606
          (312) 353-9224 (phone)
          (312) 886-4754 (fax)
          Marc.Mates@ssa.gov

Of Counsel:

Todd Duclos
Special Assistant United States Attorney
Social Security Administration
200 W. Adams, 30th Floor
Chicago, Illinois 60606

-9-

## PROOF OF SERVICE

      I hereby certify that on September 27, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following: Dawna M. Hale, Attorney for the Plaintiff.

                                      s/ Todd Duclos
                                      Todd Duclos
                                      Special Assistant United States Attorney
                                      Social Security Administration
                                      200 W. Adams, 30th Floor
                                      Chicago, Illinois 60606
                                      Todd.Duclos@ssa.gov